# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE KENNETH D. SULLIVAN,** | : | CIVIL ACTION NO. 1:09-CV-0962 |
| Debtor | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **EDUCATIONAL CREDIT** | : | |
| **MANAGEMENT CORPORATION,** | : | |
| Claimant | : | |

## ORDER

AND NOW, this 21st day of October, 2009, upon consideration of the motion (Doc. 1) to withdraw reference pursuant to 28 U.S.C. § 157(d),[1] and the motion (Doc. 4) to join the United States Department of Education pursuant to Rule 19 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7019,

---

[1] 28 U.S.C. § 157(d) states, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Courts have interpreted the statutory language in § 157(d) to require that "[t]hree conditions must be met before mandatory withdrawal is appropriate: (1) the person seeking withdrawal must be a party to the proceeding; (2) the motion to withdraw the reference must be timely filed; and (3) resolution of the proceeding must require consideration of both the Bankruptcy Code and of non-bankruptcy federal statutes regulating interstate commerce." In re Camden Ordnance Mfg. Co. of Ark., Inc., 245 B.R. 794, 805-06 (E.D. Pa. 2000); United States v. Delfasco, Inc., 409 B.R. 704, 707 (D. Del. 2009) (noting that district courts interpret "the mandatory withdrawal provision of § 157(d) to apply only where the action requires a 'substantial and material' consideration of federal law outside the Bankruptcy Code."); In re Chan, 355 B.R. 494, 506 (Bankr. E.D. Pa. 2006) (noting that the legislative history of § 157(d) indicates that "withdrawal is mandatory 'only if th[e court] . . . can make an affirmative determination that resolution of the claims will require substantial and material consideration" of non-Code statutes (quoting In re White Motor Corp., 42 B.R. 693 (N.D. Ohio 1984)).

both of which were filed by debtor Kenneth D. Sullivan ("Sullivan"), and it appearing that Sullivan is a party to the above-captioned proceeding, see In re Camden Ordnance Mfg. Co. of Ark., Inc., 245 B.R. 794, 805-06 (E.D. Pa. 2000) (stating that a litigant seeking withdrawal must be a party to the proceeding), that Sullivan's motion was timely filed on May 20, 2009,[2] see id. (explaining that the motion to withdraw must be timely filed), and that resolution of the proceeding requires the "consideration of both the Bankruptcy Code and of non-bankruptcy federal statutes regulating interstate commerce,"[3] see id. (holding that a motion to withdraw is appropriate if "resolution of the proceeding must require consideration of both the Bankruptcy Code and of non-bankruptcy federal statutes regulating interstate commerce"), and it further appearing that Sullivan's motion (Doc. 4) to

---

[2] Educational Credit Management Corporation ("ECMC") has not filed an objection to Sullivan's motion to withdraw. In addition, Sullivan contends that the bankruptcy court's April 20, 2009 order compelling him to file a motion to withdraw the reference was entered pursuant to the party's agreement. (See Doc. 7 at 8.) Therefore, according to Sullivan, ECMC's failure to object to the motion to withdraw constitutes a waiver of any withdrawal objection. See Tringali v. Hathaway Mach. Co., Inc., 796 F.2d 553, 560 (1st Cir. 1986). The court agrees, and finds that Sullivan not only satisfied the second element of the legal test in filing a timely motion, but ECMC subsequently waived any objection to Sullivan's motion to withdraw by failing to file an objection.

[3] Sullivan filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code on October 13, 2005. (See Doc. 7 at 1.) On January 20, 2006, ECMC filed a proof of claim form totaling $602,455.26 for amounts allegedly due under a promissory note signed by Sullivan. (See id.) Sullivan filed an objection to the claim on February 2, 2009, arguing that collection costs and fees totaling $120,478.45 were excessive, unnecessary, and unsubstantiated. (See id. at 2.) Both parties subsequently agreed that resolution of the objection to the proof of claim would require the bankruptcy court to consider both the Bankruptcy Code and statutes regulating the Department of Education's ability to assess collection costs pursuant to the Higher Education Act. (See id. at 2, 9.)

join the United States Department of Education as a necessary party pursuant to Federal Rule of Civil Procedure 19 was filed on May 26, 2009, but that as of the date of this order, Sullivan has not filed a brief in support of the motion,[4] see L.R. 7.5 (requiring that "[w]ithin ten (10) days after the filing of any motion . . . , the party filing the same shall file a brief in support of the motion"), it is hereby ORDERED that:

1. Sullivan's motion (Doc. 1) to withdraw reference pursuant to 28 U.S.C. § 157(d) is GRANTED.

2. Sullivan is GRANTED 10 days from the date of this order within which to file a brief in support of the motion (Doc. 4) for joinder. Failure to so file may result in the motion (Doc. 4) being denied for failure to prosecute.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] Sullivan did not file a brief in support of the motion (Doc. 4) to join the United States Department of Education pursuant to Federal Rule of Civil Procedure 19, and the motion itself provides an inadequate justification for the requested joinder. The court is aware that Sullivan has attempted to support the motion by reference to a document filed before the bankruptcy court. However, that document is not before this court, nor was it attached as an exhibit to the instant motion. Counsel are advised that incorporating another brief by reference is not permitted by the local rules, and subsequent filings should comply with L.R. 7.8(a).